**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| PHILIP BELL, on behalf of himself and all others similarly situated, §§§ | |
| Plaintiff, § | |
| § | Civil Action No..:  5:16-cv-366 |
| vs. § | |
| ADLER WALLACH & ASSOCIATES, INC., a California Corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a New Jersey Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, §§§§§§ | |
| Defendant. § | |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT**
**COLLECTION PRACTICES ACT AND TEXAS FAIR DEBT COLLECTION**
**PRACTICES ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, PHILIP BELL ("Plaintiff" or "BELL"), on behalf of himself and all others similarly situated, brings this action for the illegal practices of Defendants, ADLER WALLACH & ASSOCIATES, INC. ("AWA") and JOHN AND JANE DOES NUMBERS 1 THROUGH 25 (collectively, Defendants"). In support of his Class Action Complaint, Plaintiff says:

1.     Plaintiff, on his own behalf and on behalf of the class he seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Texas Debt Collection Practices Act, Tex. Fin. Code § 392, *et seq.* ("TDCPA").

2.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

4.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2)(B); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

5.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Among these *per se* violations are: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1).

6.      The TDCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCPA and deceptive practices Acts).

7.      The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCPA, and all other common law or statutory regimes.

8.      This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## II.  PARTIES

9.      BELL is a natural person.

10.     At all times relevant to this complaint, BELL has been a citizen of, and resided in, the City of Seguin, Guadalupe County, Texas.

11.     At all times relevant to this complaint, AWA is a for-profit corporation existing pursuant to the laws of the State of California.

12.     Plaintiff is informed and believes, and on that basis alleges, that AWA maintains its principal place of business at 1045 West Katella Avenue, City of Orange, Orange County, California, and its registered agent and office in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13.     At all times relevant to this complaint, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("TRAVELERS") is a Connecticut corporation operating as a casualty and surety company. Plaintiff is informed and believes, and on that basis alleges, that TRAVELERS maintains its principal business address at 1 Tower Square, City of Hartford, Hartford County, Connecticut.

14.     Texas Finance Code § 392.101(a) provides "[a] third-party debt collector…may not engage in debt collection unless the third-party debt collector… has obtained a surety bond issued by a surety company authorized to do business in Texas."

15.     Texas Finance Code § 392.101(b)(1) provides that "[t]he third-party debt collector's surety bond must be in favor of any person who is damaged by a violation of [Texas Finance Code § 392, *et seq*.]."

16.     Texas Finance Code § 392.102 provides "[a] person who claims against a bond for violation of [Texas Finance Code § 392, *et seq*.] may maintain an action against the third-party debt collector…and against the surety."

17.     TRAVELERS issued a bond to AWA in favor of all persons damaged as a result of AWA's violation of the TDCPA.

18.     Plaintiff has been damaged as a result of AWA's violations of the TDCPA and, therefore, he is claiming against the bond TRAVELERS issued to AWA.

19.     The putative class members, as alleged herein, have also been damaged as a result of AWA's violations of the TDCPA and, therefore, Plaintiff, on behalf of the putative class members, is also claiming against the bond TRAVELERS issued to AWA.

20.     Travelers is liable to Plaintiff, and the putative class members he seeks to represent, to the full extent AWA's liability up to the $10,000.00 limit of the bond Travelers issued to AWA.

21.     Plaintiff, on behalf of himself and all others similarly situated, is claiming against the bond issued by Travelers to AWA in the amount of $10,000.00 and Travelers should, therefore, make payment on the bond.

22.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. The Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

23.     The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of AWA that are the subject of this Complaint. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by AWA and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

24.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

25.     Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. §

1367.

26.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

27.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of Texas at the time this action is commenced.

## IV. FACTS CONCERNING THE PARTIES

28.     Plaintiff is alleged to have incurred and defaulted on a financial obligation to "Automobile Club." ("Automobile Club Obligation").

29.     The Automobile Club Obligation arose out of a transaction in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes.

30.     Defendant contends the Automobile Club Obligation is in default.

31.     The alleged Automobile Club Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

32.     The alleged Automobile Club Obligation is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

33.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

34.     Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1).

35.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to March 23, 2016, and within the two-year period immediately preceding the filing of the complaint in this action, the creditor of the Automobile Club Obligation either directly or through

intermediate transactions assigned, placed, or transferred the defaulted debt to AWA for collection.

36.     AWA collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and Internet.

37.     AWA is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

38.     AWA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39.     AWA is, at all times relevant to this complaint, a "debt collector" as that term is defined by Tex. Fin. Code § 392.001(6).

40.     AWA is, at all times relevant to this complaint, a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

41.     On or about March 23, 2016, AWA mailed a collection letter to Plaintiff concerning the Automobile Club Obligation, which was dated March 23, 2016, and which Plaintiff received in the ordinary course of mail. ("3/23/2016 Letter"). A true and correct copy of the 3/23/2016 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

42.     The 3/23/2016 Letter was mailed, or caused to be mailed, to Plaintiff by persons employed by AWA as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

43.     The 3/23/2016 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

44.     The 3/23/2016 Letter was sent to Plaintiff in connection with the collection of a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

45.     The 3/23/2016 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

46.     The 3/23/2016 Letter provides the following information:

| Client Name | Client Reference Number | AWA Account Number |
|---|---|---|
| AUTOMOBILE CLUB | TPA9765▉ | FE▉ |
| **Original Balance** | **Interest & Fees** | **Total Balance Due** |
| $90.32 | $3.11 | $93.43 |

"The total balance may include other debts. Please contact our office for additional information."

47.     The 3/23/2016 Letter does not specifically identify the name of the "creditor" of the Automobile Club Obligation.

48.     Plaintiff is informed and believes, and on that basis alleges, that "Automobile Club" is not the name of the creditor to whom the alleged Automobile Club Obligation is owed.

49.     The 3/23/2016 Letter fails to accurately convey the amount due because it does not specify whether the "Total Balance" includes other debts and, if so, the identity of the additional creditor(s) to whom those alleged amounts are owed and whether they also include "Interest & Fees."

50.     Plaintiff is informed and believes, and on that basis alleges, that "$90.32" is not the "Original Balance" of the Automobile Club Obligation.

51.     Plaintiff does not owe $3.11 in "Interest & Fees."

52.     Plaintiff is informed and believes, and on that basis alleges, that interest may not be added to the alleged Automobile Club Obligation.

53.     Plaintiff is informed and believes, and on that basis alleges, that costs may not be added to the alleged Automobile Club Obligation.

54.     The Second Paragraph of the 3/23/2016 Letter states:

"As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will

not submit a credit report to a credit reporting agency about this credit obligation until the expiration of the time period described below."

55.   The 3/23/2016 Letter failed to set forth a deadline by which AWA would "submit a credit report to a credit reporting agency about" the Automobile Club Obligation, and does not specify whether AWA will report the debt if Plaintiff disputes or requests verification of the debt.

56.   The Third Paragraph of the 3/23/2016 Letter states:

"Please contact our office for a correct pay off balance. The balance due above may include accrued prejudgment interest allowed by law….Future prejudgment interest may be added as permitted by law or by "Wis. Stats. Sec. 138.04" if the Balance Due is not paid."

57.   The 3/23/2016 Letter provides conflicting information regarding the amount due in that it: (i) states the "total balance may include other debts;" (ii) the payment coupon at the top of the letter does not state the amount due and instead says "Amount $: _____;" (ii) instructs Plaintiff to "contact our office for a correct pay off balance;" and then, (iii) states, "[f]uture prejudgment interest may be added as permitted by law or by "Wis. Stats. Sec. 138.04" if the Balance Due is not paid."

58.   As Plaintiff understood the 3/23/2016 Letter, as would the least sophisticated consumer and/or unsophisticated consumer would, it is unclear whether the Automobile Club Obligation is static or accruing daily "Interest & Fees" and other costs on the one or more debts it seeks to collect.

59.   As Plaintiff understood the 3/23/2016 Letter, as would the least sophisticated consumer and/or unsophisticated consumer would, the only way to determine the amount of the debt" is to call AWA.

60.   Upon reading the 3/23/2016 Letter, Plaintiff was uncertain as to the amount of the Automobile Club Obligation that was allegedly owed and how much he would have to pay to satisfy the alleged debt in-full and stop AWA from reporting it to credit reporting agencies as

threatened in the letter.

61.    The Defendants' statement in the 3/23/2016 Letter that, "[f]uture prejudgment interest may be added as permitted by law or by 'Wis. Stats. Sec. 138.04' if the Balance Due is not paid" is untrue.

62.    The statements in the 3/23/2016 Letter that the Balance Due may "include accrued prejudgment interest allowed by law….Future prejudgment interest may be added as permitted by law or by "Wis. Stats. Sec. 138.04" falsely implies that it has already obtained a judgment in a court of law against Plaintiff and other similarly situated consumers.

63.    The statements in the 3/23/2016 Letter that the Balance Due may "include accrued prejudgment interest allowed by law….Future prejudgment interest may be added as permitted by law or by "Wis. Stats. Sec. 138.04" falsely implies it may in the future file a lawsuit against the consumer to collect the Balance Due.

64.    No lawsuit has ever been filed—nor was one ever intended to be filed—to collect the Automobile Club Obligation.

65.    Plaintiff is informed and believes, and on that basis alleges, that neither AWA nor the creditor of the Automobile Club Obligation ever file lawsuits against consumers to collect such debts.

66.    AWA's inclusion of "Interest & Fees" as a pre-condition to pay is intended to falsely convey that AWA is legally and/or contractually permitted to charge interest/fees when in fact the collection of "Interest & Fees" is neither authorized by the contract creating the alleged debt nor permitted by law.

67.    AWA intended that its materially false statements contained in the 3/23/2016 Letter cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed and the form of payment consumers may remit to satisfy their alleged debts

-10-

without accruing additional "Interest & Fees" and to keep AWA from submitting a negative report to credit reporting agencies regarding the debt.

68.    Plaintiff paid the Automobile Club Obligation out of fear that AWA would report false information about him to credit reporting agencies.

69.    Plaintiff paid the Automobile Club Obligation out of fear that AWA would file a lawsuit against him.

70.    The "Interest & Fees" charged and collected by AWA constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt.

71.    The "Interest & Fees" charged and collected by AWA constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by Texas law.

## V.  POLICIES AND PRACTICES COMPLAINED OF

72.    It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g(a)(1), and 1692g(a)(2), as well as Tex. Fin. Code §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(4), 392.304(a)(8), 392.304(a)(12), 392.304(a)(13),  and § 392.304(a)(19).

73.    On information and belief Defendants' collection letters, in the form attached as *Exhibit A*, were mailed to hundreds of consumers who are similarly situated with Plaintiff.

## VI.  CLASS ALLEGATIONS

74.    Plaintiff brings this claim on behalf of one class, which contains a sub-class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and (3).

75.     With respect to the Class, this claim is brought on behalf of all natural persons with addresses in the State of Texas, to whom AWA mailed a written communication in substantially the same form as ***Exhibit A***, in connection with its attempt to collect a debt during the period beginning two years prior to the filing of this action and ending 21 days thereafter, which either: (i) failed to accurately identify the creditor of the alleged debt; (ii) failed to accurately disclose the amount of the debt; (iii) stated the balance due may include accrued prejudgment interest;  or (iv) stated future prejudgment interest may be added as permitted by law or by "Wis. Stats. Sec. 138.04" if the Balance Due is not paid.

76.     With respect to the Class, this claim is brought on behalf of a sub-class of all persons who meet the class definition set forth, *supra*, and who paid their alleged debt(s) and were charged "Interest & Fees" or any other sums that are not authorized by the agreement creating the obligation or legally chargeable to the consumer.

77.     The identities of all class members are readily ascertainable from the records of AWA and its clients on whose behalf it attempts to collect debts.

78.     Excluded from the Class and Sub-Class are the Defendants and each of their respective officers, members, partners, managers, directors, and employees and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

79.     There are questions of law and fact common to the Class and Sub-Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g(a)(1), and 1692g(a)(2), as well as Tex. Fin. Code §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(4), 392.304(a)(8), 392.304(a)(12), 392.304(a)(13),  and § 392.304(a)(19).

80. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

81. The Plaintiff will fairly and adequately protect the interests of the Class and Sub-Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

82. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and Sub-Class, which predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' standardized, computer-generated, collection letters that it sends to consumers, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g(a)(1), and 1692g(a)(2), as well as Tex. Fin. Code §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(4), 392.304(a)(8), 392.304(a)(12), 392.304(a)(13), and § 392.304(a)(19).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class and Sub-Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

83.     Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that a determination that Defendants' standardized written collection communications to Texas consumers, in the form attached as ***Exhibit A***, violates Tex. Fin. Code §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(4), 392.304(a)(8), 392.304(a)(12), 392.304(a)(13), and § 392.304(a)(19) would permit Plaintiff and the Classes to obtain injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1).

84.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

85.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of his class certification motion: (i) seek to modify the definition of the Class and Sub-

Class (defined *supra*) to be more inclusive or less inclusive; seek to modify the definition of the

Class and Sub-Class claims (defined *supra*) to be more inclusive or less inclusive; and/or (iii) seek

certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

86.     Plaintiff realleges and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

87.     Defendant violated the FDCPA. Defendants' violations, with respect to their

written communications in the form attached as ***Exhibit A*** include, but are not limited to:

(a)     Using false, deceptive, and misleading representations or means in connection with

the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character,

amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c)     Making false, deceptive, and misleading representations concerning any services

rendered or compensation which may be lawfully received by any debt collector

for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B);

(d)     Making false threats to take action that cannot legally be taken and/or that is not

intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5);

(e)     Using false representations and/or deceptive means to collect or attempt to collect

any debt or to obtain information concerning a consumer in violation of 15 U.S.C.

§ 1692e(10);

(f)     Using an unfair or unconscionable means to collect or attempt to collect any debt

in violation of 15 U.S.C. § 1692f;

(g)     Collecting amounts that are incidental to the principal obligation, which amounts

are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1);

(h)     Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1); and

(i)     Failing to provide the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(2).

## VIII.  SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

88.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

89.     Defendants violated Tex. Fin. Code § 392.301(a)(8) by threatening to take an action prohibited by law—including, but not limited to, collecting and attempting to collect amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law, and causing, attempting to cause, and or threatening to cause charges to be made to any person for communications by concealment of the true purpose of the communication including, but not limited to, collect telephone calls, messaging fees, and telegram fees.

90.     Defendants violated Tex. Fin. Code § 392.303(a)(2) by attempting to collect a charge, fee, or expense incidental to the obligation that is not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

91.     Defendants violated Tex. Fin. Code § 392.304(a)(4) by making false, deceptive, and misleading statements by failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money.

92.     Defendants violated Tex. Fin. Code § 392.304(a)(8) by making false, deceptive, and misleading statements regarding the character and extent of the debt it sought to collect.

93.     Defendants violated Tex. Fin. Code § 392.304(a)(12) by making false, deceptive, and misleading statements that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges that are not authorized by the agreement creating the obligation or legally chargeable to the consumer.

94.     Defendants violated Tex. Fin. Code § 392.304(a)(13) by making false, deceptive, and misleading statements that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges when the award of the fees or charges is subject to judicial discretion.

95.     Defendants violated Tex. Fin. Code § 392.304(a)(19) by using false, deceptive, and misleading representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## IX.  PRAYER FOR RELIEF

96.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Class and Sub-Class as follows:

A.     **For the FIRST CAUSE OF ACTION**:

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class and Sub-Class previously set forth and defined *supra*;

(ii)     An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)     An award of actual damages for Plaintiff and the Sub-Class and, including all amounts paid that are not permitted by contract or law, pursuant to 15 U.S.C. § 1692k(a)(2)(B), in an amount to be determined at trial;

(iv)     An incentive award for Plaintiff, in connection with his services to the Class and the Sub-Class, in an amount to be determined by the Court after judgment is entered in favor of the Class and the Sub-Class.

(v)      Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi)     For such other and further relief as may be just and proper.

B.     **For the SECOND CAUSE OF ACTION**:

(i)      An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and Tex. Fin. Code § 392.403(a), and appointing Plaintiff and the undersigned counsel to represent the Class and Sub-Class previously set forth and defined above.

(ii)     An award of actual damages for Plaintiff and the Sub-Class, including all amounts paid that are not permitted by contract or law, pursuant to Tex. Fin. Code § 392.403(a)(2) in an amount to be determined at trial;

(iii)    An Order directing TRAVELERS to issue payment on the bond it issued to AWA in favor of Plaintiff and the Sub-Class in an amount to be determined at trial, but not to exceed $10,000.00;

(iv)     For injunctive relief for Plaintiff and the Class and Sub-Class, pursuant to Tex. Fin. Code § 392.403(a)(1), including enjoining Defendants from engaging in further violations of Chapter 392 of the Texas Finance Code as complained of herein;

(v)     For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating that
        Defendants' collection conduct complained of violates the violates the TDCPA;

(vi)    An incentive award for Plaintiff, in connection with his services to the Class and
        the Sub-Class, in an amount to be determined by the Court after judgment is entered
        in favor of the Class and the Sub-Class;

(vii)   Attorney's fees, litigation expenses, and costs pursuant to Tex. Fin. Code §
        392.403(b); and

(viii)  For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:        April 12, 2016

                                              Respectfully submitted,

                                              *s/ Andrew T. Thomasson*
                                              Andrew T. Thomasson, Esq.
                                                 NJ Bar No. 048362011
                                              STERN•THOMASSON LLP
                                              150 Morris Avenue, 2nd Floor
                                              Springfield, NJ 07081-1329
                                              Telephone: (973) 379-7500
                                              Facsimile:  (973) 532-5868
                                              E-Mail: andrew@sternthomasson.com

                                              William M. Clanton, Esq.
                                                 TX Bar No. 24049436
                                              LAW OFFICE OF BILL CLANTON, P.C.
                                              926 Chulie Drive
                                              San Antonio, TX 78216
                                              Telephone: (210) 226-0800
                                              Facsimile:  (210) 338-8660
                                              E-Mail: bill@clantonlawoffice.com

                                              *Attorneys for Plaintiff, Philip Bell, and all others
                                              similarly situated*